DANIEL P. GALLAGHER, PLAINTIFF IN ERROR, v. GEORGE LEHBERGER, DEFENDANT IN ERROR.

Submitted March 24, 1913—Decided June 18, 1913.

The plaintiff, a servant of the defendant, was employed to prevent a superheated wire from kinking or tangling as it was being passed from one reducing machine to another. He was provided with an iron rod with a hook on one end, which he used to carry the passing wire over obstructions between the two machines, and to pull the loop, formed by the wire, to prevent a tangle in it. While doing this the wire tangled and pulled the hook from his hand, and coiled about his leg, burning it off. The boy was instructed how to use the hook to prevent a tangling of the wire, but was not warned of the danger he was in, if the wire did get into a tangle. On a previous occasion when the master was present, a kink in the wire pulled the hook from plaintiff's hands and the wire coiled, flew up and slightly burned the defendant. *Held*, that these facts, coupled with defendant's experience in the business, raised a question which should have been submitted to the jury, whether the defendant ought not to have reasonably anticipated the danger to which plaintiff would be exposed, if he was not able to prevent the tangling of the wire, and if so, to have warned the plaintiff of the danger he was subject to under such conditions, if he accepted, or continued in, such employment, and that a nonsuit rested alone upon the absence of proof of *scienter* was error.

On error to the Supreme Court.

For the plaintiff in error, *Alexander Simpson.*

For the defendant in error, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff at the time of the accident, which is the basis of this suit, was thirteen years of age, and employed by the defendant to assist in one of the processes of the manufacture of wire, his occupation being to prevent as far as possible the tangling of the superheated wire which formed into a loop as it passed from one reducing machine to another, for which purpose he was supplied by his master with an iron rod having a hook at one end. In front of each machine there was an iron trough into which the heated wire fell as it came through the machines, where it was seized with a tongs by other employes, and carried to the next machine through which it was run for the purpose of further reduction in size. There was a slack in the wire between the two machines creating a loop, which it was the business of the plaintiff to pull with the hook, so that it would not kink or tangle. The machines stood side by side in a parallel line, and when the accident occurred an intervening machine was passed and the wire was carried to the one next beyond it, thus forming a larger loop and requiring plaintiff to use his hook to raise it over the trough in front of the second machine, and while doing this and keeping the loop from getting into a tangle, the hook was suddenly pulled from his hand, and the wire at once became tangled, coiled around plaintiff's leg and, as he says, "snapped" it off. I think the testimony shows that plaintiff was instructed regarding the use of the hook to prevent, as far as possible, the tangling of the wire, but there is no evidence that he was warned of the danger he was subjected to if, for any reason the wire became tangled, and this the trial court assumed in allowing the nonsuit, which is the error assigned, for it was put upon the ground that there was no evidence that defendant knew, or ought to have anticipated that what did, was likely to happen, and if he had no such knowledge then, of course, he could not warn against such danger.

It also appeared that on a previous occasion, when the master was present, there was a kink in the wire which pulled the hook from plaintiff's hand, and the wire flew up and

struck the master, but without serious consequences. The master had been engaged in manufacturing wire for some time and was conversant with the business.

The plaintiff's case is rested upon want of proper warning and instructions concerning the danger to which he would be exposed if, notwithstanding his efforts to prevent it, the hot wire should become tangled in passing from one machine to another.

The trial court ordered a nonsuit upon the ground that plaintiff's case failed to establish "a state of knowledge on the part of the employer from which he might reasonably anticipate such action as was attributed to the machine, which caused the injury to the plaintiff." The trial court justified its action by applying what it held to be the rule laid down in *Carrington* v. *Mueller,* 36 *Vroom* 244. In that case Mr. Justice Garrison, speaking for this court, said: "Something more must be shown than the fact that the machine, by its unusual and unaccountable behavior upon a single occasion, injured the plaintiff in a way that was not obvious; something in the nature of a *scienter* must be proved, from which it may be inferred that the master, by the exercise of a reasonable caution, could have apprehended such an occurrence." But this rule is not applicable to the facts in the present case, for here the cause was not the unaccountable behavior of a machine upon a single occasion, but the result, not obvious to plaintiff, of the tangling of the heated wire, to prevent which was the object of his employment. To relieve the master it must be the danger that must be known or obvious to the servant and not simply the physical condition. *Burns* v. *Delaware and Atlantic Telegraph Co.,* 41 *Id.* 745, 753.

That the master knew that what did happen was likely to may properly be inferred from the fact that the master sought to prevent the tangling of the wire, and also from the circumstance that on a previous occasion when the master was present the kink or tangle in the wire pulled the hook from plaintiff's hands and threw the wire against the defendant. And in addition to this the defendant's experience and general knowledge of the business has some bearing upon the

question whether he knew, or should have known, that the wire might tangle and that if it did it was likely to be dangerous to the plaintiff.

Whether these conditions, appearing in the plaintiff's case, were sufficient to charge the defendant with knowledge of what was likely to happen under such conditions, and to reasonably anticipate such happening, if the plaintiff could not prevent the tangling of the wire was, I think, a jury question, and if he should, in the exercise of reasonable caution, have known the danger, he was under a duty to warn his servant that in taking the employment he was assuming a risk not obvious, because not present except under conditions possible to arise, and of which the servant was ignorant. *Horandt, Admr.,* v. *Rosenthal,* 52 *Vroom* 474.

The plaintiff was only thirteen years of age when the accident happened, and his instructions were limited to the method of keeping the wire from kinking or tangling, but he was not warned of the danger likely to happen if it did. There was evidence from which the jury might infer that the master knew the danger arising from the tangling of the wire, and they should have been permitted to determine the question whether defendant had such knowledge as to render him liable. It was a jury, and not a court question, and therefore the nonsuit was not justified.

The judgment will be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 15.